IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 07-492-GPM |
| CHARLES W. SINKS, SR., | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff United States of America filed this action for recovery of a student loan on which it claims Defendant Charles W. Sinks, Sr., has defaulted. In 1983 and 1984, Defendant executed three promissory notes totaling $7,500 in connection with his education at Lewis and Clark Community College. He defaulted on the loans in 1992. The Department of Education, which guaranteed the loans, assumed title to the loans in 1999. At that time, principal on the loans was just over $9,500.

Defendant answered the complaint, stating that he took out the loan to get an education he was never allowed to get because "Lewis & Clark College could never make the class [he] needed to finish." Defendant further states that he tried to repay the loan but is unable to do so because he has no income, and that 9% is not the low interest that is supposed to accompany a low-interest education loan. The Court construed Defendant's answer as a motion to dismiss and ordered Plaintiff to respond.

After being stricken twice, Plaintiff's response is filed at Document 14 (and it was stricken

once more thereafter). According to the response, in 2000, the Department of Education attempted to collect on the loan, at which time the balance was approximately $12,800. It is no surprise that Defendant is bitter, because now Plaintiff has filed suit, seeking $21,670.41 plus court costs and continued accrued interest. At the time suit was filed, he owed $12,122.58 in interest on a $7,500 student loan that he executed 25 years ago, and the interest is still running.

After Plaintiff filed its response to the motion to dismiss, it attempted to file a motion for summary judgment. After being stricken three times, the motion was filed at Document 23 with a supporting memorandum at Document 24. Plaintiff contends that in Defendant's answer, he has admitted that he owes the money. Defendant has not filed a response.

As stated, Defendant appears upset at the amount owed, and the Court was concerned with the fact that Defendant defaulted on the notes 15 years before suit was filed. The Higher Education Technical Amendments Act of 1991 (HETA), Pub. L. No. 102-26, 105 Stat. 123 (1991) (codified at 20 U.S.C. § 1091a(a)), amended the Higher Education Act of 1965 (HEA), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), to eliminate any statute of limitations for suits or other actions to collect education financed student loans. 20 U.S.C. § 1091a(a). Under HETA's § 3, this amendment applies to loans made prior to its enactment. *See United States v. Phillips*, 20 F.3d 1005 (9th Cir. 1994) (holding that HETA eliminated all statutes of limitations on actions to recover on defaulted student loans and revived all actions which would have otherwise been time barred). Therefore, Defendant simply has no defense under the law; he must pay his indebtedness, which includes interest on the notes. Plaintiff also is entitled to its costs, plus post-judgment interest.

Accordingly, Plaintiff's motion for summary judgment (Doc. 23) is **GRANTED**, and the

Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff United States of America and against Defendant Charles W. Sinks, Sr., for indebtedness in the amount of $22,810.47, courts costs in the amount of $350.00, and post-judgment interest. Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

DATED: 09/29/08

<u>s/ G. Patrick Murphy</u>
G. Patrick Murphy
United States District Judge